**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE HENRY MACK, #08000246,** | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0343-N |
| | ) | ECF |
| **JOHN DOE, et al.,** | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

1.     Procedural History and Statement of Case

On February 26, 2008, Plaintiff, a pre-trial detainee incarcerated at the Dallas County Jail, filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, along with a motion for temporary restraining order and preliminary injunction. The case is presently referred to the Magistrate Judge for preliminary screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A. On March 26, 2008, the Magistrate Judge held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to receive evidence relating to Plaintiff's claim of deliberate indifference to his serious medical condition. Dallas County provided a copy of Plaintiff's medical records, which the court has filed of record in this case. At the hearing, Plaintiff handed the court a pleading styled "motion for evidence" relating to deliberate indifference and the motion for temporary restraining order. This motion along with Plaintiff's prior motion for leave to file

additional evidence, filed on March 11, 2008, should be denied as moot since all evidence has been submitted and considered. Plaintiff's motion for summary judgment, filed on April 1, 2008, should also be denied. Such a motion is premature in a case subjected to preliminary screening.[1]

Plaintiff suffers from numerous pre-existing medical conditions, including hypertension, congestive heart failure, cirrhosis of the liver (Stage IV), urinary dysfunction, neurogenic bladder requiring frequent-self catheterizations), spondylilosis causing chronic back pain, and Hepatitis C. Following his arrest, Plaintiff's heart, high blood pressure and back medications were confiscated and placed in the Jail Property Room. Plaintiff experienced delays in receiving medications and catheter supplies during the initial days of incarceration, and was administered the wrong medications on three separate occasions. On one of those occasions, February 15, 2008, Plaintiff lost all physical control over his body and passed out in the hallway, hitting the iron metal door and brick wall and causing physical harm to his arm, shoulder and head. Plaintiff was transported first to the infirmary and then to Parkland Hospital, where he was diagnosed with low blood pressure as a result of the wrong medication. Eighteen days later his hand and shoulder were x-rayed. While the x-rays are normal, Plaintiff's hand and shoulder are still swollen and in pain.

At the *Spears* hearing, Plaintiff complained the Dallas County Jail changes his prescribed medications often and without notice. Nevertheless, he conceded that he had been receiving his

---

[1] On January 2, 2008, Plaintiff was arrested for drug possession and parole violation. While Plaintiff has appeared before a judicial officer on the drug possession charge, he has yet to be contacted about the parole violation charge. Nor has a parole revocation hearing been scheduled. Plaintiff did not have any further information on his parole case.

heart, pain and "HCT" medications. In addition, Plaintiff claimed that he should be prescribed Bactrin (an antibiotic) to fight a possible bladder infection, which he has allegedly been experiencing as a result of constant exposure to sick inmates in the infirmary. He also claimed that he should be prescribed medications for his Hepatitis C and Cyrosis of the liver, and that he should be referred to a free-world physician to examine his injured hand and shoulder.[2]

2.  Analysis

A party seeking a temporary restraining order or a preliminary injunction must prove each of the following elements: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff cannot meet the above standard. The medical records establish that Plaintiff has been receiving medications for his high blood pressure, heart condition, back pain, and ulcer. His injured hand and shoulder have been x-rayed and the results were normal. While Plaintiff

---

[2] At the *Spears* hearing, Plaintiff requested to be released from custody so that he can seek the necessary medical care for his chronic medical conditions and arm/shoulder injuries. Such a request is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'"); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

disagrees with the type of treatment that he has received, such a claim does not rise to constitutional violation. *E.g. Estelle v. Gamble*, 429 U.S. 97, 107-08, 97 S.Ct. 285 (1976) (disagreements as to the correct medical treatment do not constitute cognizable civil rights claims, but at most, possible claims of medical malpractice appropriately addressed under state law); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979); *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Nor do delays in providing medical care give rise to constitutional violations unless the deliberate indifference of the medical staff results in substantial harm, which has neither been alleged nor established in this case. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006). Moreover, the three instances on which the wrong medication was administered, amounted to negligence at the most, a claim not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986) (relief is unavailable under § 1983 for claims grounded only in negligence); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (same).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motions for a temporary restraining order or a preliminary injunction, for evidence and for summary judgment [doc. #2, and 10-12] be DENIED.

The magistrate judge will continue the preliminary screening of this case under 28 U.S.C. §§ 1915(e) and 1915A.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 3rd day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.