IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HENRY MACK, #671331, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-343-N |
| | ) | ECF |
| JOHN DOE, ET AL., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Holliday Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Defendants are Police Officer John Doe, Deputy Sheriff K. Harris, Sheriff Lupe Valdez, the Dallas County Hospital District, and Parkland Memorial Hospital. The court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff filed this action claiming Defendants have shown deliberate indifference to his medical condition. Plaintiff also filed a motion for temporary restraining

order and preliminary injunction. After a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the court issued findings, conclusions and a recommendation that Plaintiff's motion for temporary restraining order and preliminary injunction be denied. The Court found that Plaintiff's medical records showed that Plaintiff was receiving medications for his medical conditions, and that Plaintiff's allegations raised, at most, claims of negligence. On May 16, 2008, the District Court adopted the recommendation and denied Plaintiff's motions.

<u>Findings and Conclusions</u>: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

On August 23, 2001, the United States Court of Appeals for the Fifth Circuit concluded that Plaintiff could not longer proceed *in forma pauperis* in any civil action or appeal because he had accumulated three strikes. *See Mack v. Scott*, No. 00-21030 (5th Cir. Aug. 23, 2001) (unpublished per curiam). A review of the U.S. Party and Case Index supports the above conclusion. Plaintiff has on three prior occasions, while incarcerated or detained as a prisoner, brought an *in forma pauperis* action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Mack v. Mohr, et al.,* 3:95cv393 (S.D. Tex.-Galveston Div. March 6, 1998) (district court action

2

dismissed as frivolous), *affirmed*, No. 98-40375 (5th Cir. Feb. 9, 1999) (appeal dismissed as frivolous); *Mack v. Scott, et al.*, 4:98cv2550 (S.D. Tex.-Houston Div. Oct. 18, 2000) (district court case dismissed as frivolous and for failure to state a claim following *Spears* hearing), *affirmed*, No. 00-21030 (5th Cir. Aug. 23, 2001).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he shows he is in "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint does not show that Plaintiff was in danger of any serious physical injury at the time of filing. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss his complaint as barred by the three strike provision unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis,* and DISMISS the complaint as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of September, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.